UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TREAL MALONE,<br><br>Defendant.<br>_____ | No. CR 08-00776 EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>**(Docket Nos. 14, 20 and 21)** |

On January 29, 2009, Malone pled guilty to a 21 U.S.C. § 841(a)(1) violation pursuant to a written plea agreement ("the Agreement") under Federal Rule of Criminal Procedure Rule 11(c)(1)(C)("a C plea"). Docket No. 5 ("Agreement") at 1:21-22; Docket No. 13. Thereafter, the Court sentenced Malone to a prison term of 77 months, the low-end of the applicable range under the United States Sentencing Guidelines ("USSG"). Docket No. 13. Presently before the Court is Malone's motion to reduce sentence. Docket No. 20. Malone seeks resentencing based on Congress's amendments to the USSG regarding crack cocaine offenses that were promulgated and given retroactive effect after his original sentencing. Docket No. 20 at 2:3-9. For the reasons set forth below, the Court concludes that Malone is entitled to a sentence reduction and **GRANTS** Malone's motion.

### I. FACTUAL & PROCEDURAL HISTORY

On November 6, 2008, Defendant Mr. Treal Malone ("Malone") was charged in a one-count indictment for possession with the intent to distribute 15.41 grams of crack cocaine pursuant to 21 U.S.C. § 841(a)(1). Docket No. 1 ("Indictment"); Docket No. 21 (Original Presentence Report

("PSR")) (Ex. A, ¶ 7). On January 29, 2009, Malone pled guilty to the violation pursuant to the Agreement under Federal Rules of Criminal Procedure Rule 11(c)(1)(C). Agreement (Ex. D at 1:21-22); Docket No. 13; Fed. R. Crim. P. 11(c)(1)(C).

In the Agreement, the parties stipulated to categorize Malone as a Career Offender and place him under a criminal history category of VI pursuant to USSG § 4B1.1. Docket No. 10 at 2:11-14; Agreement (Ex. D at ¶ 8). Under the applicable USSG range for Career Offenders and based on the crack cocaine at issue, Malone's offense level would have been 34, minus three points for acceptance of responsibility pursuant to USSG § 3E1.1, for an adjusted level of 31. Agreement (Ex. D at ¶ 7); USSG § 4B1.1. Applying this calculation, the USSG range for Malone's offense would have been a prison term of 188 to 235 months. Docket No. 10 (Government's Sentencing Memorandum ("GSM")) at 3:11-12. However, because of Malone's "early and complete acceptance of responsibility," the Government chose not to seek a sentence under the Career Offender guidelines and recommended the Court to sentence Malone at the low-end applicable guideline range under the USSG § 2D1.1(c) drug quantity table. GSM at 4:4-11; Agreement, Docket No. 22 (Ex. D, ¶¶ 8, 15). Under USSG § 2D1.1(c) at the time, Malone's base offense level was 24, minus three points for acceptance of responsibility pursuant to USSG § 3E1.1, for an adjusted offense level of 21. Docket No. 20 (Ex. D at ¶ 8); USSG § 2D1.1(c)(4) (2009). The Court accepted the Agreement and sentenced Malone to a term of 77 months, the low-end applicable guideline range under USSG § 2D1.1(c) absent the Career Offender enhancement. Docket No. 13; USSG § 2D1.1(c) (2009).

Fair Sentencing Act of 2010

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("FSA", Pub.L. No. 111-220, 124 Stat. 2372, which, *inter alia*, modified the penalties for crack cocaine offenses, reducing the disparities between penalties for crack and powder cocaine. The FSA authorized the United States Sentencing Commission ("USSC") to amend the USSG to give effect to the FSA on an emergency basis. *Id.* at § 8. Pursuant to this power, the USSC issued Amendment 748 on November 1, 2010, which revised penalties for crack cocaine offenses under the USSG § 2D1.1(c) drug quantity table. USSG App. C, Amend. 748 (Reason for Amendment). On November 1, 2011,

2

the USSC effectuated (1) Amendment 750, making the Amendment 748 changes permanent; and (2) Amendment 750, making the Amendment 750 changes retroactive and modifying USSG § 1B1.10, which governs when a term of imprisonment may be reduced by reason of retroactive amended guideline ranges. *See* USSG App. C, Amend. 750; USSG App. C, Amend. 759 (Reason for Amendment).

On February 3, 2012, Malone filed a motion to reduce his sentence to 60 months pursuant to the FSA and the USSG amendments. *See* Docket No. 20. Under the amended guidelines, Malone's offense level is now 20, minus three points for acceptance of responsibility pursuant to USSG § 3E1.1, for an adjusted offense level of 17. USSG § 2D1.1(c)(10) (2011 ed.); Docket No. 20 at 3:13-19. As such, the applicable guideline range for Malone's offense level is 51 to 63 months, making the low-end range at 51 months. USSG § 2D1.1(c)(10); Docket No. 20 at 3:13-19. However, since the statutory mandatory minimum of 60 months imprisonment for a 21 U.S.C. § 841(a)(1) violation remains in effect, Malone requests this Court to reduce his sentence by 17 months pursuant to 18 U.S.C. § 3582(c)(2), to the mandatory minimum of 60 months. *Id.* at 2:1-9.

## II. DISCUSSION

A.  Legal Standard

18 U.S.C. § 3582(c)(2) provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by Sentencing Commission pursuant to 27 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the [USSC].

This statute creates a two-step inquiry. *Dillon v. United States*, ___ U.S. ___, 130 S.Ct. 2683, 2691 (2010). "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.* The newly revised version of USSG § 1B1.10 provides, in relevant part:

(a) Authority. –

(1) In General. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2) . . . .

(2) Exclusions. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –

(A) none of the amendments listed in subsection (c) is applicable to the defendant; or

(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range. . . .

(b) Determination of Reduction in Term of Imprisonment –

(1) In General. – In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitation and Prohibition on Extent of Reduction. –

(A) Limitation. – Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

(B) Exception for the Substantial Assistance. – If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

(C) Prohibition. – In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c) Covered Amendments. – Amendments covered by this policy statement are listed in Appendix C as follows: . . . 750 (parts A and C only).

The Court must first determine whether "the amended guideline range that would have been applicable" to defendant has been lowered. USSG § 1B1.10(b)(1). It must do so by substituting only the revised offense guidelines of Amendment 750 and leaving the rest of the calculation as it

4

was. *Id.* "If the revised offense guideline range is lower, resentencing is consistent with USSG § 1B1.10, and the Court may proceed to step two of the *Dillon* analysis." *United States v. Ware*, Crim. A. No. 08-625-01, 2012 WL 38937, at *4 (E.D. Pa. Jan. 9, 2012). However, if the revised offense guidelines "do not have the 'effect of lowering the defendant's applicable guideline range,' a sentencing reduction is not consistent with USSG § 1B1.10, and the Court's inquiry is complete." *Id.* (citing USSG § 1B1.10(a)(2)(B)).

B. <u>Merits of the Motion</u>

    1. <u>Eligibility</u>

Malone argues that he is eligible for a sentence reduction under the retroactive crack cocaine amendments because the Court sentenced him under the low-end guideline range of the USSG rather than the Career Offender guidelines, and thus a sentence reduction would be consistent with USSG § 1B1.10. *See* Docket No. 20 at 4-6. In *Freeman v. United States*, ___ U.S. ___, 131 S.Ct. 2685 (2011), Justice Sotomayor's plurality opinion stated that a defendant who entered a C plea is eligible for relief under 18 U.S.C. § 3582(c)(2) because "the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines." *Id.* at 2695. The plurality opinion defined "based on" in 18 U.S.C. § 3582(c)(2) as permitting a district court to reduce a defendant's sentence whenever the guideline range in question was "the basis or foundation" for the term of imprisonment that the court actually imposed. *Freeman*, 131 S.Ct. At 2695 (Sotomayor, J., concurring). Justice Sotomayor concluded that "if a [C plea] expressly uses a [USSG] sentencing range to establish the term of imprisonment, and that range is subsequently lowered by [USSC], the defendant is eligible for sentence reduction under § 3582(c)(2)." *Id*. at 2698 (footnote omitted). This plurality opinion controls "because it is the narrowest opinion that was implicitly approved by at least five Justices who support the judgment." *United States v. Darby*, Crim. A. No. 06-220-01, 2012 WL 74966, at *3 (E.D. Pa. Jan. 6, 2012); *see also Marks v. United States*, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgment [ ] on the narrowest grounds.'" (citation omitted)).

Pursuant to *Freeman*, Malone is eligible for a sentence reduction.  In the C plea in this case, the Government specifically chose not to seek a Career Offender guidelines sentence and recommended the Court to sentence Malone to the low-end applicable guideline range under the USSG § 2D1.1(c) drug quantity table.  GSM at 4:4-11; Agreement (Ex. D at ¶ ¶ 8, 15).  Pursuant to the Government's recommendation, the parties agreed to a sentence of 77 months, the low-end of the applicable guideline range under USSG § 2D1.1(c).  Docket No. 13.   Thereafter, the USSC lowered the USSG § 2D1.1(c) guideline ranges pursuant to FSA.  USSG App. C, Amend. 748 (Reason for Amendment).  Hence, Malone is eligible for sentence reduction under 18 U.S.C. § 3582(c)(2).

      a.    Qualification as a Career Offender

The Government argues that Malone is not eligible for a sentence reduction because this Court "found him to be a career offender . . . [making] his guidelines range [to be] 'based on' Career Offender Guidelines and [ ] not 'based on' the crack cocaine offense levels that have subsequently been lowered by the Sentencing Commission in Amendment 750."  Docket No. 23 at 1:23-28.

The fact that a defendant qualifies as a Career Offender does not preclude his eligibility for a sentencing reduction.  In *Ware*, the court faced the issue of whether defendant was eligible for a sentence reduction under the amendments when the court originally imposed a non-guideline sentence but "explicitly stated that the sentence was double the period the incarceration to which defendant would have been subject under the sentencing guidelines if he had not qualified as a Career Offender."  2012 WL 38937 at *5.  The court found that because defendant received a sentence "whose explicit 'basis or foundation' was a guideline sentencing range that has since been amended," defendant was eligible to receive a sentence reduction even though he qualified as a Career Offender at the time of the original sentencing.  *Id.* at *10.

The instant case presents an even stronger case for a sentence reduction consistent with USSG §1B1.10.  In *Ware*, the court concluded the original sentence was based on the non-Career Offender guidelines, even though it appears that defendant's Career Offender eligibility may have influenced the sentence.  *Id.* at *2.  The defendant's sentence was double the otherwise applicable incarceration period.  *Id.*  Here, although the parties stipulated to Malone's qualification as a Career

1 Offender, the Government explicitly chose *not* to pursue a sentence range under the Career Offender
2 guidelines and instead sought to sentence Malone solely under the USSG § 2D1.1(c) drug quantity
3 table, recommending the low-end of that guideline. GSM at 4:4-11. Hence, Malone's original
4 sentence of 77 months fell squarely within the applicable USSG range for his offense level, and the
5 Career Offender guidelines played no role in the original sentencing. Since the basis of Malone's
6 sentence was USSG § 2D1.1(c), Malone is eligible for a sentence reduction.

      2.     Section 3553(a) Factors

After calculating the amended guideline range and determining the extent of any authorized reduction, the court must proceed to "step two of the inquiry," and "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 130 S.Ct. at 2691. In considering whether and to what extent to reduce a defendant's sentence within the limits set by policy statements, the USSC instructs the court to "consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," USSG § 1B1.10, and in that regard the court "may consider post-sentencing conduct of the defendant." *Id.* Further, when a defendant qualifies for a sentence reduction under § 3582(c), the reduced sentence may not fall below the statutory mandatory minimum, even if the amended guideline range would have been lower absent the mandatory minimum. *United States v. Aguilar*, 120 F.3d 176, 178 (9th Cir. 1997).

18 U.S.C. § 3553(a) provides, in relevant parts:

> (a) Factors to be considered in imposing a sentence. – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
>     (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>     (2) the need for the sentence imposed–
>
>         (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>         (B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28) . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

In the instant case, a sentence reduction to 60 months is appropriate in light of the § 3553(a) factors and Malone's post-sentence conduct. This Court recognizes the severity of Malone's offense, along with his significant criminal history involving instances of controlled substances, theft, and firearm offenses. GSM at 3:20-21. However, as the Government acknowledged in its sentencing memorandum, Malone showed "extraordinary acceptance of responsibility" by pleading guilty to his offense and allowed the Government to divert its time and resources to other matters. GSM at 4:12. In support of his motion, Malone provided letters from his wife, daughter, brother, and friends that show that his future has potential to be productive. Docket No. 22 (Ex. G). While in custody, Malone has participated classes and programs to better himself through education and rehabilitation. For example, Malone obtained his General Education Diploma in May 2009 and completed vocational classes. Docket No. 22 (Ex. H). Furthermore, Malone possessed a relatively small amount of drugs compared to other federal cases involving larger quantities of drugs. It appears that he was a relatively low-leveled drug dealer.

Taking into account the § 3553(a) factors, particularly the nature and circumstances of the offense and the history and characteristics of the defendant, including Malone's conduct while in

custody, a sentence reduction for Malone is warranted. Malone's request of a 60-month term satisfies both the statutory mandatory minimum for a 21 U.S.C. § 841(a)(1) violation and falls within the applicable amended USSG range for his offense level of 17. USSG § 2D1.1(c)(10). It provides just punishment for the offense and an adequate deterrent to criminal conduct.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Malone's motion to reduce sentence to 60 months of incarceration. The Clerk of the Court is directed to close the file in this case.

This order disposes of Docket No. 14.

IT IS SO ORDERED.

Dated: March 7, 2012

_____
EDWARD M. CHEN
United States District Judge